RYAN *v.* DISTRICT OF COLUMBIA.

LEMPKIE *v.* DISTRICT OF COLUMBIA.

CRIMINAL LAW; PUBLIC HACK STAND; EVIDENCE.

A conviction of a public hackman of the offense of stopping and loitering "while seeking employment" at a place other than that set apart as a public hack stand is not sustained by evidence merely that he had stopped his automobile close to the curb near a hotel.

Nos. 3173 and 3174. Submitted October 9, 1918. Decided November 4, 1918.

IN ERROR to the Police Court of the District of Columbia. *Reversed.*

The COURT in the opinion stated the facts as follows:

These are writs of error to the police court, where the plaintiffs in error, William P. Ryan and Charles Lempkie, public

hackmen, were separately convicted under information charging them with stopping and loitering "while seeking employment" at a place other than that set apart as a public hack stand.

The evidence relied upon to sustain these convictions is substantially as follows: When arrested, plaintiffs in error were wearing public hack badges, and had stopped their respective automobiles close to the curb at the Willard Hotel in this city. Lempkie displayed on his car a "for hire" sign. How long each had been there does not appear.

*Mr. Daniel W. O'Donoghue, Mr. A. A. Alexander,* and *Mr. A. D. Esher* for the appellants.

*Mr. Conrad H. Syme,* Corporation Counsel, *Mr. Ringgold Hart,* and *Mr. Francis H. Stephens,* Assistants, for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

While several questions are raised in the assignments of error, the cases may be quite summarily disposed of. Paragraph 32 of section 7, article IV., of the police regulations of July 31, 1915, provide that the fact that a "public cab or hack displays a device to indicate that such cab or hack is not engaged shall not of itself be considered as soliciting patronage." It therefore becomes unnecessary for us to determine what deductions in the Lempkie case the trial court would have been justified in drawing from the fact that a "for hire" sign was being displayed at the time of arrest, since the regulations specifically cover this point.

Does it necessarily follow that, because a hackman places his vehicle at the curb near a hotel, he is seeking employment? It is quite possible that such is his purpose, but it is equally possible that he is waiting for a passenger who already has engaged his services. This is a criminal charge, and the rules of evidence relating to criminal prosecutions obtain. Measured

by those rules, we think it quite clear that the convictions may not stand.

The judgments must be reversed, with costs.    *Reversed.*